Richard M. Blake, Sr. and Gloria A. Blake v. Commissioner.
Blake v. Commissioner
Docket No. 5220-70 SC.
United States Tax Court
T.C. Memo 1971-189; 1971 Tax Ct. Memo LEXIS 146; 30 T.C.M. (CCH) 781; T.C.M. (RIA) 71189; August 3, 1971, Filed Richard M. Blake, Sr., pro se, 431 Avenida Arlena, San Clemente, Calif. Melvern Stein, for the respondent. JOHNSTON Memorandum Findings of Fact and Opinion JOHNSTON, Commissioner: Respondent determined a deficiency of $660.00 in petitioners' Federal income tax for the year 1967. The question presented is whether petitioners are entitled to claim five dependency exemptions for the children of petitioner-husband by a former marriage who were in the legal custody of their mother during the calendar year 1967 under sections 151 and 152, Internal Revenue Code of 1954. Findings of Fact Some of the facts were stipulated and they are found accordingly. Petitioners were residents of San Clemente, California when they filed their petition. Richard M. Blake, Sr. and Ingeborg B. Andric are the natural *147 father and mother of Richard M. Blake, Jr., Roger L. Blake, Jeanne C. Blake, Ronald K. Blake and Kathleen A. Blake. During 1967 the children were all under age nineteen. Richard M. Blake, Sr. and Ingeborg B. Andric were legally divorced and subsequently remarried to other persons prior to 1967. Richard M. Blake, Sr. married Gloria A. Blake, the other petitioner; Ingeborg B. Andric married Edward B. Andric. Pursuant to the divorce decree, Mrs. Andric had custody of the children of her prior marriage and they resided with her and Edward B. Andric in 1967. The fair rental value of the house in which the children lived was $115 per month. The house was occupied by eight persons. The Blake children had access to all parts of the house. Ann M. Kalvelage, was aunt to Richard M. Blake, Sr. and grandaunt to the Blake children. She contributed $500 toward the support of the Blake children in 1967. The total amount expended for the support of Richard M. Blake, Jr. in 1967 was $1,351 of which the custodial parent supplied $771.00, the petitioner Richard M. Blake, Sr. supplied $480 and Ann M. Kalvelage supplied $100. 782 The total amount expended for the support of Roger L. Blake *148 in 1967 was $1,718 of which the custodial parent supplied $1,138, the petitioner Richard M. Blake, Sr. supplied $480 and Ann M. Kalvelage supplied $100. The total amount expended for the support of Jeanne C. Blake in 1967 was $1,211 of which the custodial parent supplied $631, the petitioner Richard M. Blake, Sr. $480 and Ann M. Kalvelage supplied $100. The total amount expended for the support of Ronald K. Blake in 1967 was $1,190 of which the custodial parent supplied $610, the petitioner Richard M. Blake, Sr. $480 and Ann M. Kalvelage supplied $100. The total amount expended for the support of Kathleen A. Blake in 1967 was $1,136 of which the custodial parent supplied $556, the petitioner Richard M. Blake, Sr. $480 and Ann M. Kalvelage supplied $100. Ultimate Fact Petitioners did not provide over one half of the total support of each of the five Blake children during 1967. Opinion Petitioner, Richard M. Blake, Sr. contributed over $1,200 in 1967 in support of his five children by his former marriage to Mrs. Ingeborg B. Andric. Under the decree of divorce Mrs. Andric had the custody of the children and they lived the entire taxable year with Mr. and Mrs. Andric. Because *149 petitioner Richard M. Blake, Sr. had contributed over $1,200 the burden of proof was on the respondent to show by a clear preponderance of the evidence that the custodial parent provided a greater amount for the support of the children than did the petitioner Richard M. Blake, Sr. Allan F. Labay [Dec. 30,359], 55 T.C. 6 (1970) on appeal (C.A. 5, January 4, 1971). The respondent's witness Ingeborg B. Andric, mother of the Blake children testified in great detail as to the amounts expended by her in support of the children. Petitioners on brief specifically attacked portions of Mrs. Andric's testimony as neither clear nor convincing; as conflicting with prior statements to the Internal Revenue Service; as excessive as to amounts claimed to have been expended for utilities, telephone calls and clothing. They also argue that the cost of items claimed as support having a useful life in excess of one year should be allocated on the basis of the life of the item. They point out that the Andrics' had other obligations e.g. child support payments and alimony arising out of Mr. Andric's previous marriage in the monthly sum of $170. They contend that amounts Mrs. Andric claimed *150 as loans to her for the support of the children were in reality direct support payments to the children by persons other than Mrs. Andric. Finally, they point out that Mrs. Andric's testimony was largely unsupported by receipts. The lack of receipts in support of Mrs. Andric's testimony is a cause of serious concern to the Court. For that reason adjustments were made in certain claimed expenses of Mrs. Andric in areas specifically complained of by petitioners and elsewhere. With respect to haircuts, the Court reduced the amount claimed, $144 to $72.00, the figures originally furnished the Internal Revenue Service. With respect to the claimed utility expense of $50 per month, the Court reduced the amount to $25 per month. No adjustment was made for telephone costs which petitioners contend were excessive because respondent appears to have conceded these were not support costs for the children. With respect to clothing, the Court reduced the amount by two-thirds from an over all total of $1,479.54 to $493.18. Inasmuch as respondent on brief has allocated only a proportionate cost of items having a useful life in excess of one year to the taxable year no adjustments were made on *151 that basis. Finally, car expenses claimed were reduced by the Court by 58% from $1,325.90 to $556.88. The testimony of Mrs. Andric shows support payments for Richard, Roger, Jeanne, Ronald and Kathleen amounted to $1,837.61, $2,123.60, $1,602.85, $1,548.23 and $1,477.31, respectively. As a result of the Court's adjustments described above, support payments claimed by Mrs. Andric for Richard were reduced by $486 to $1,351; for Roger by $405 to $1,718; for Jeanne by $392 to $1,211; for Ronald by $358 to $1,190; and for Kathleen by $342 to $1,136. When we subtract from the amounts so reduced the support payments of Richard M. Blake, Sr., we see that he furnished less than half the total support for each of the Blake children. Even if we added as his contribution the amounts contributed by his aunt, Mrs. Kalvelage, his contribution for 783 support would be less than half the total. We have not found that the $500 contributed by Mrs. Kalvelage was contributed by petitioner Richard M. Blake, Sr. because there is no evidence that he repaid the amount to her in the taxable year. While petitioners attacked Mrs. Andric's support figures so far as the source of funds was from loans *152 from relatives, we find no evidence in the record which contradicts her testimony that the loans were to her and that the proceeds were expended in support of the Blake children. We hold on this record that petitioners are not entitled to the dependency deductions claimed for the five Blake children because they did not provide over half of the total support for any of them in 1967. Reviewed and adopted as the report of the Small Tax Case Division. Decision will be entered for the respondent.